UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MUHAMMAD ABUKAR RIAZ,

                    Petitioner,

        v.

TODD BLANCHE, et al.,

                    Respondent.

Case No. 2:26-cv-00520-TLF

ORDER FOR SUPPLEMNTAL BRIEFING AND PROVISIONALLY BLOCKING REMOVAL

Petitioner Muhammad Abukar Riaz, a citizen of Pakistan, petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. Petitioner requests release, primarily arguing "[r]emoval to Pakistan the former country of residence is not reasonably foreseeable . . . in violation of *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001)." Dkt. 1 at 3-4. Petitioner also asserted that "ICE has notified [him] that it will attempt to remove him to Panama, El Salvador, or Costa Rica" where "[h]e fears he would simply be detained indefinitely . . ." Dkt. 1 at 7.

Thereafter, this Court granted the parties' Agreed Motion to Extend Deadline to Reply to April 15, 2026, to "give ICE additional time to remove [petitioner]" as

ORDER FOR SUPPLEMNTAL BRIEFING AND
PROVISIONALLY BLOCKING REMOVAL - 1

"[r]espondents also note that the Pakistani Embassy confirmed receipt of ICE's travel document request . . ." Dkts. 13 (quote), 14 (Order).

On April 14, 2026, petitioner filed his reply brief, arguing that even with respondents' above assurances regarding Pakistan, respondents offer no "estimation for how long it will take Pakistan to approve of the request." Dkt. 16 at 2. Petitioner also reiterated his concerns regarding respondents' attempts "to remove [him] to multiple third countries." Dkt. 16 at 3.

The next day, on April 15, 2026, respondents filed a "Notice of Intent to Remove Petitioner" and an accompanying declaration with this Court. Dkts. 17-18. The "Notice of Imminent Removal" attached to the declaration states, "ICE is in possession of a travel document" and petitioner's removal is expected to "occur in 4/2026." Dkt. 18-1. These filings do not attach copies of travel documents or identify the country – there is no indication whether travel documents were issued by Pakistan, or a third country – to which petitioner would be removed. Dkts. 17-18. As of filing this Order, petitioner has not responded to the government's filing of the notices with the Court.

Under these circumstances, and given petitioner's allegations regarding third country removal, this imminent removal also threatens to moot petitioner's pending habeas petition before the Court can review the facts regarding the respondents' notice of the change of circumstances, and make a decision on the petition. The Court therefore invokes its authority to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). The federal habeas statue, 28 U.S.C. § 2243,

ORDER FOR SUPPLEMNTAL BRIEFING AND
PROVISIONALLY BLOCKING REMOVAL - 2

also permits the court to "dispose of the matter as law and justice require." 28 U.S.C. § 2243; *see also Escobar Salgado v. Mattos*, 809 F. Supp. 3d 1123, 1162 (D. Nev. 2025) (quoting *Carafas v. LaVallee*, 391 U.S. 234, 239 (1968)) (noting that under 28 U.S.C. § 2243, the "'mandate is broad with respect to the relief that may be granted.'").

For those reasons, the Court **ORDERS**:

1) The parties are **ORDERED** to file supplemental briefs (with any relevant supporting declarations and exhibits) identifying the country respondents intend to remove petitioner to, based on the travel documents, and any more facts or arguments relating to the habeas corpus petition, raised by the change of circumstances.

   a. Respondents brief is due on or before **April 29, 2026**.

   b. Petitioners' response is due on or before **May 6, 2026**.

2) Alternatively, the parties may file a Joint Status Report telling the Court whether the parties have agreed to the removal of petitioner to the identified country for which the travel documents have been issued.

3) Respondents are **PROHIBITED** from removing Petitioner to any country or from the Northwest ICE Processing Center to any other detention facility during the pendency of these proceedings, **without further order of this Court**, unless necessary for medical evaluation, medical treatment, or release.

Dated this 22nd day of April, 2026.

*Theresa L. Fricke*

ORDER FOR SUPPLEMNTAL BRIEFING AND
PROVISIONALLY BLOCKING REMOVAL - 3

Theresa L. Fricke
United States Magistrate Judge

ORDER FOR SUPPLEMNTAL BRIEFING AND
PROVISIONALLY BLOCKING REMOVAL - 4